UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>SILVER BAY LOGGING, INC.,<br><br>    Defendant.<br><br>SILVER BAY LOGGING, INC.,<br><br>    Counterclaimant,<br><br>        v.<br><br>XL SPECIALTY INSURANCE COMPANY,<br><br>    Counterdefendant. | CASE NO. C06-881RSM<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter is now before the Court for consideration of plaintiff's motion for partial summary judgment. Dkt. # 37. Plaintiff asks that two of defendant's affirmative defenses, as well as counterclaims arising from plaintiff's alleged failure to inspect the vessel at issue, be dismissed. Defendant has opposed the motion. The Court has considered the motion, responsive memorandum, and supporting declarations. For the reasons set forth below, the motion shall be granted.

FACTUAL BACKGROUND

This action arises from damage that occurred in January, 2006, to defendant's barge TC-244 while it was under tow from Wrangell, Alaska, to Port Townsend, Washington, with a load of wood

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

chips.  The barge progressively listed to starboard during the voyage, to the point where the starboard side bin wall collapsed, causing damage to the barge and partial loss of cargo.  Plaintiff, an insurer of the barge under a marine hull and machinery coverage policy, filed this action seeking a declaration that the insurance policy issued to defendant is void and provides no coverage for the loss. Dkt. # 1. Plaintiff asserts in the complaint that repairs made to the barge following an earlier (2004) incident[1] were inadequate, and as a result the barge was not seaworthy at the inception of the 2005-2006 voyage. *Id*. Plaintiff further alleges that defendant failed to disclose the unseaworthy condition, resulting in the voiding of the policy of insurance. *Id*.

After discovery commenced, plaintiff obtained leave to amend the complaint.  The amended complaint clarifies certain dates and particulars of the tow incident, and adds an allegation that defendant knew or should have known that the barge was unfit for her intended service. Dkt. # 31.  In answering the amended complaint, defendant asserts the affirmative defense of estoppel, contending that plaintiff "is estopped by its words and actions from relying upon any alleged violation of any implied or expressed warranties of seaworthiness pertaining to the policies of insurance issued by the plaintiff. . . " Dkt. # 33, p. 3. Defendant asserted as a separate affirmative defense the contention that as a result of the 2004 incident, "plaintiff was aware of the condition of the barge and the means by which it was to be repaired at the time of renewal of its insurance coverage for the barge." *Id*.  These are designated as affirmative defenses # 2 and # 3 in the answer.

Defendant also asserts counterclaims against plaintiff, alleging that plaintiff "was aware of the location, manner, and means of the repairs performed upon the Barge to repair the damage caused by the first incident", and that "[u]pon completion of the repairs to the Barge after the first incident defendant requested that plaintiff have its marine surveyor inspect the repairs, but plaintiff refused to do so." *Id*., p. 4. Plaintiff's motion for partial summary judgment addresses these two affirmative defenses, as well as the counterclaims, "to the extent they allege that an insurer is required to inspect a vessel when asked to do so by an insured." Motion for Partial Summary Judgment, Dkt. # 37, pp. 1-2.

---

[1] Plaintiff was also the insurer of the barge during the earlier incident, and covered the loss under the policy in effect at that time. The barge was repaired, and the insurance policy was renewed and in force from December 5, 2005 through December 5, 2006.

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

## DISCUSSION

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotrex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. F.R.Civ. P. 56(e).

A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence is merely colorable or is not significantly probative, summary judgment may not be granted. *Id*. at 249-50.  It is not the court's function at the summary judgment stage to determine credibility or to decide the truth of the matter. *Id*. Rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

Plaintiff contends that the two affirmative defenses above, as well as all counterclaim allegations that the insurer had a duty to inspect the barge, should be dismissed as they lack any basis in law. Plaintiff asserts that under applicable maritime law, the insured had a duty to disclose all relevant facts and  conditions that may bear upon the insurability of the barge, while the insurer had no duty to inspect the barge or investigate its condition prior to issuing the policy. This assertion is based upon the law of *uberrimae fidei*, or utmost good faith.  A marine insurance contract is said to be a contract *uberrimae fidei*. *McLanahan v. Universal Ins. Co.*, 26 U.S. (1 Pet.) 170 (1828). According to this doctrine, an underwriter is presumed to act on the belief that the party who has applied for insurance has disclosed all facts material to the risk. If an applicant fails to reveal material facts presumed by the applicant or presumed to be known, the insurer may void the contract *ab initio*, or from the beginning. Material facts are those that may have a bearing on whether the insurer would accept the risk or the premium or terms

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3

under which the risk would be insured. *Gulfstream Cargo Ltd. v. Reliance Ins. Co.*, 409 F.2d 974 (5th Cir. 1969). The doctrine of *uberrimae fidei* requires a marine insurance applicant "*even if not asked,* to reveal every fact within his/her knowledge that is material to the risk." *Certain Underwriters at Lloyd's v. Montford*, 52 F.3d 219, 222 (9th Cir. 1995) (quoting *Washington Int'l Ins. Co. v. Mellone*, 773 F. Supp. 189, 191 (C.D. Cal. 1990)) (emphasis added).

Plaintiff asserts that defendants' affirmative defenses and counterclaims are based upon the assumption that the insurer has a corresponding duty to inspect the vessel to be insured, yet no such legal duty exists. In opposition to this assertion, defendant has argued facts which go to the merits of plaintiff's claims, not the arguments advanced by plaintiff in support of partial summary judgment. Defendant contends that the doctrine of *uberrimae fidei* imposes an equal duty upon the insurer to deal fairly with the insured, citing *Contractors Realty Co. v. Insurance Company of North America*, 469 F. Supp. 1287, 1294 (S.D.N.Y. 1979). However, nowhere has defendant provided legal authority to refute plaintiff's assertion regarding the insurer's duty to inspect, or rather, the lack of such duty.

In light of defendant's failure to provide legal authority to rebut plaintiff's assertion that the insurer has no duty to inspect, the Court finds that defendant's two affirmative defenses challenged in this motion lack an arguable legal basis, and they shall be dismissed on summary judgment. As to the counterclaims, however, the Court finds that defendant has simply made factual allegations regarding plaintiff's knowledge of the repairs, and failure to inspect the barge following repair of damage from the first incident, without asserting any accompanying duty or breach of duty arising from that failure. These are factual assertions which may be disputed by plaintiff, but as defendant has attached no legal consequence to them, the factual assertions are not subject to dismissal at this time. The only actual legal claim regarding the subject matter of this lawsuit asserted in the counterclaims is that in failing to conduct "a reasonable investigation in response to defendant's claim for coverage from the **second** incident," plaintiff has "acted negligently, has not acted in good faith, and has otherwise breached its duties to defendant. . . ." Answer to Amended Complaint, Dkt. # 33, Counterclaim ¶ 10 (emphasis added).[2] This

---

[2] Defendant also states in ¶ 6 of the counterclaims that plaintiff failed to conduct a reasonable investigation of the first incident, acted negligently,

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

counterclaim goes to the ultimate legal issue in this case, which is plaintiff's denial of coverage after the incident, and the bases therefore. It does not assert as its legal basis any duty of the insurer to inspect the repairs prior to providing insurance coverage. It is therefore not subject to dismissal on the basis asserted in this motion.

## CONCLUSION

Accordingly, plaintiff's motion for partial summary judgment is GRANTED as to affirmative defenses ## 2 and 3, and these affirmative defenses are DISMISSED. The motion for partial summary judgment is DENIED as to the allegations set forth in the counterclaims.

Dated this _4_ day of March, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

unreasonably delayed in the adjustment of the claim from the first incident, acted in bad faith, and breached its duties to defendant under RCW 48.01.030, WAC 284-30, AS Chapter 21.36 and 3 AAC Chapter 26 and the common law **with respect to its response to defendant's claim and payment for the first incident.** As a result of plaintiff's negligence and failure to timely perform its duties to defendant with respect to the first incident, the defendant suffered loss of income and other damages, and was delayed in the commencement and completion of the damage repairs to the Barge resulting from the first incident.

Dkt. # 33, p. 4 (emphasis added). It is not clear whether by this statement defendant means to assert a claim for damages resulting from the first incident, or simply recites these allegations as part of the relevant history. In either case, however, this statement cannot be read as asserting a counterclaim arising from an alleged duty to inspect the repairs prior to providing coverage.

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5